IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03187-GPG
(**The above civil action number must appear on all future papers
sent to the court in this action.  Failure to include this number
may result in a delay in the consideration of your claims.**)

ALKIYAMAH AZIZ-ALLAH (aka KIMANI WASHINGTON # 161525),

      Petitioner,

v.

COLORADO DEPARTMENT OF CORRECTIONS, and
RICK RAEMISCH, Executive Director,

      Respondents.

---

**ORDER DIRECTING PETITIONER TO CURE DEFICIENCIES**

---

Petitioner, Alkiyamah Aziz-Allah, aka Kimani Washington, is in the custody of the

Colorado Department of Corrections ("CDOC") and is incarcerated at the correctional

facility in Sterling, Colorado.  He has submitted *pro se* an Application for a Writ of

Habeas Corpus (ECF No. 1).  In the Application, Mr. Aziz-Allah asserts that his First

Amendment right to correspond with persons outside the prison has been violated, as

well as his constitutional right to familial association.  He does not request any specific

relief.   Petitioner is advised that he may not assert civil rights claims in a habeas corpus

action.

"The essence of habeas corpus is an attack by a person in custody upon the

legality of that custody, and . . . the traditional function of the writ is to secure release

from illegal custody."  *See Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Petitions

under § 28 U.S.C. § 2254 habeas and § 2255 proceedings are used to collaterally

attack the validity of a conviction and sentence." *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997).

It is well established in the Tenth Circuit that a habeas corpus application is an improper vehicle for a prisoner to challenge the conditions of his confinement. *See McIntosh v. United States Parole Comm'n*, 115 F.3d 809, 811-12 (10th Cir. 1997). Generally, a state prisoner's challenge to his conditions of confinement is cognizable under 42 U.S.C. § 1983. *Id.* The allegations in the submitted document indicate that Mr. Aziz-Allah is challenging the conditions of his confinement and does not seek habeas corpus relief.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the submitted documents are deficient as described in this Order. Mr. Aziz-Allah will be directed to cure the following if he wishes to pursue his claims. Any papers that Petitioner files in response to this Order must include the civil action number noted above in the caption of this Order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1)   X   is not submitted
(2)   __   is not on a proper Court-approved form (must use the Court's current form)
(3)   __   is missing affidavit
(4)   X   is missing certified copy of prisoner's trust fund statement for the 6-month period immediately preceding this filing
(5)   __   is missing certificate showing current balance in prison account
(6)   X   is missing authorization to calculate and disburse filing fee payments
(7)   __   is missing an original signature by the prisoner
(8)   __   other:
(9)   __   An original and a copy have not been received by the court. Only an original has been received.
(10)   X   other: Petitioner may pay the $400.00 filing fee in advance in lieu of submitting a § 1915 motion and affidavit.

2

**Complaint, Petition or Application**:

(11)   ___   is not submitted
(12)   _X_   is not on proper form (<u>must use the court's current form for filing a</u>
           <u>Prisoner Complaint pursuant to 42 U.S.C. § 1983</u>)
(13)   ___   is missing an original signature by the prisoner
(14)   ___   is missing page nos. ___
(15)   ___   uses et al. instead of listing all parties in caption
(16)   ___   An original and a copy have not been received by the court.  Only an
           original has been received.
(17)   ___   Sufficient copies to serve each defendant/respondent have not been
           received by the court.
(18)   ___   names in caption do not match names in text
(19)   ___   other:

Accordingly, it is

ORDERED that Petitioner cure the deficiencies designated above **within thirty (30) days from the date of this order**.  Any papers that Petitioner files in response to this order must include the civil action number on this order.  It is

FURTHER ORDERED that Applicant shall obtain the court-approved forms for filing a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov, and use these forms in curing the designated deficiencies.  It is

FURTHER ORDERED that, if Petitioner fails to cure the designated deficiencies **within thirty (30) days from the date of this order**, the action will be dismissed without further notice.  The dismissal shall be without prejudice.

DATED November 25, 2014, at Denver, Colorado.

BY THE COURT:

s/ Gordon P. Gallagher_____
United States Magistrate Judge