IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03187-GPG

ALA A. AZIZ-ALLAH, a/k/a KIMANI WASHINGTON,

    Plaintiff,

vs.

COLORADO DEPARTMENT OF CORRECTIONS,
RICK RAEMISCH, Executive Director,
JOHN FALK, Warden,
MR. CHAPDELAINE, Associate Warden, and
JOHN DOE, Officer of Offender Services,

    Defendants.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

    Plaintiff, Ala A. Aziz-Allah, a/k/a Kimani Washington, is in the custody of the Colorado Department of Corrections (CDOC) at the correctional facility in Sterling, Colorado. Plaintiff has filed a Prisoner Complaint asserting a deprivation of his constitutional rights pursuant to 42 U.S.C. § 1983. He has been granted leave to proceed pursuant to 28 U.S.C. § 1915.

    The Court must construe the Complaint liberally because Mr. Aziz-Allah is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for *pro se* litigants. *See Hall*, 935 F.2d at 1110. The Court has reviewed the complaint and has determined that it is deficient. For the reasons discussed below, Plaintiff will be directed to file an Amended Complaint.

## I. The Complaint

Mr. Aziz-Allah alleges in the Complaint that while he was incarcerated in the Massachusetts Department of Corrections, he filed a petition to formally change his name in the Plymouth County, Massachusetts, probate court, which was granted. Subsequently, Plaintiff was transferred to the CDOC. He submitted a letter to the CDOC asking the agency to officially acknowledge his name change, but the CDOC refused, pursuant to Administrative Regulation 950-06, which states: "Whereas any legal name change of an inmate, religious or otherwise will be only registered as an A.K.A. Alias in the Inmate's File and Computer." (ECF No. 8, at 4). Plaintiff states that he has complained to Defendants Raemisch and Chapdelaine about the refusal of the CDOC to acknowledge his name change, but the Defendants failed to take any remedial action. Plaintiff alleges that his incoming mail, addressed "in his rightful religious court-ordered name" has been "returned to sender"; that prison officials refuse to process his outgoing mail that contains his religious name on the envelope as the "sender"; and that prison officials refuse to recognize and address him by his proper name. He claims that these actions violate his First Amendment free exercise rights. Plaintiff further claims that the CDOC's refusal to recognize his official name change violates due process, because he complied with the necessary state procedures in Massachusetts to effectuate a legal name change. Plaintiff seeks monetary relief and an injunction to prevent prison officials from taking any retaliatory actions against him as a result of his filing this legal action.

## II. Analysis

Plaintiff's claims against the CDOC are barred by the Eleventh Amendment. Eleventh Amendment immunity extends to states and state agencies deemed "arms of the state" that have not waived their immunity, regardless of the relief sought. *Steadfast Ins. Co. v. Agricultural Ins. Co.*, 507 F.3d 1250, 1252–53 (10th Cir. 2007). The CDOC is an agency of Colorado that is entitled to Eleventh Amendment immunity. *See Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988). Congress did not abrogate Eleventh Amendment immunity through Section 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). Accordingly, the CDOC is an improper party to this § 1983 action and should not be named as a Defendant in the Amended Complaint.

Furthermore, the Complaint is deficient because Plaintiff fails to allege the personal participation of each named Defendant in the alleged First Amendment violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Gallagher v. Shelton,* 587 F.3d 1063, 1069 (10th Cir.2009) (citations and quotations omitted); *Dodds v. Richardson*, 614 F.3d 1185, 1200-1201 (10th Cir. 2010) ("[D]efendant-supervisors may be liable under § 1983 where an 'affirmative' link exists between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy. . .–express or otherwise–showing their authorization or approval of such 'misconduct.'") (quoting *Rizzo v. Goode*, 423 U.S. 362, 371 (1976)). A supervisor

defendant may not be held liable for the unconstitutional conduct of his subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).  This is because "§ 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation."  *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir. 2008).

Plaintiff does not identify the correctional officers who are refusing to process his incoming and outgoing mail.  Moreover, Plaintiff does not explain how Defendants Raemisch, Falk, and Chapdelaine, who are supervisory officials, were personally involved in the alleged constitutional deprivations.

In addition, Plaintiff does not make any factual allegations against John Doe in the body of the Complaint that would tend to show the Defendant's personal involvement in the alleged constitutional deprivations.  Plaintiff may use a fictitious name, such as John or Jane John Doe, if he does not know the real name of the individual who allegedly violated his rights. However, if Plaintiff uses a fictitious name he must provide sufficient information about the defendant so that the defendant can be identified for purposes of service.

And, finally, Plaintiff must allege sufficient facts to show an arguable deprivation of his First Amendment rights. Inmates are entitled to the reasonable opportunity to pursue their sincerely-held religious beliefs. *See Makin v. Colo. Dep't. of Corr.*, 183 F.3d 1205, 1209 (10th Cir.1999); *Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007).  What constitutes a "reasonable opportunity" is determined in reference to legitimate

penological objectives.  *Id*.; *see also Turner v. Safley*, 482 U.S. 78, 89 (1987) ( "[W]hen a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests.").  Plaintiff therefore must allege facts in the Amended Complaint to show that the CDOC's policy concerning recognition of inmate name changes is unreasonable.  *See Gee v. Pacheco*, 627 F.3d 1178, 1190 (10th Cir. 2010).  The CDOC can lawfully require an inmate to use both his original name and his changed name on official documents, including inmate mail.  *See*, *e.g.*, *Abdulhaseeb v. Saffle*, No. 01-7103, 65 F. App'x 667, 672 (10th Cir. 2003) (unpublished) (rejecting prisoner's contention that his constitutional rights were violated by the prison's requirement that, on official forms, he use the name under which he was first incarcerated); *see also Ali v. Wingert*, No. 12-02027-REB-CBS, 2014 WL 26102, at *7 (D. Colo. Jan. 2, 2014) (collecting cases).  Accordingly, it is

ORDERED that Plaintiff,  Ala A. Aziz-Allah, a/k/a Kimani Washington, file **within thirty (30) days from the date of this order,** an amended complaint on the court-approved Prisoner Complaint form that complies with the directives of this order.  It is

FURTHER ORDERED that Plaintiff shall obtain a copy of the court-approved Prisoner Complaint form (with the assistance of his case manager of the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiff fails to file an amended complaint as directed within the time allowed, some or all of this action may be dismissed without further notice.

DATED February 11, 2015, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge